UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY M. JORDAN,

       Plaintiff,

v.                                Case No:  2:17-cv-683-FtM-99CM

THE UNITED STATES
DEPARTMENT OF EDUCATION
and THE UNIVERSITY OF
SOUTH FLORIDA,

       Defendants.

_____

## REPORT AND RECOMMENDATION[1]

     This matter comes before the Court upon review of the file.   For the reasons stated below, the Court respectfully recommends the case be dismissed without prejudice.

### I.    Background

     On December 11, 2017, Plaintiff filed a Complaint against Defendants United States Department of Education ("the Department") and the University of South Florida ("USF").   Doc. 1.   As alleged in the Complaint, Plaintiff graduated from USF with a bachelor's degree in 1979 and a master's degree in 1981.   *Id.* ¶¶ 1-2.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.   **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

He took out student loans totaling $10,000 to cover the cost of graduate school.   *Id.* ¶ 2.   Plaintiff defaulted on his loans after graduation, and USF placed a hold on the release of his official transcripts from 1983 until at least November 2015.   *Id.* ¶¶ 3-4.   Plaintiff claims the Department began collection efforts on his student loan debt in July 2001, although it had become "holder of the notes" between 1984 and 1985, and intercepted $17,609.89 in payments through wage garnishments and social security offsets.   *Id.* ¶¶ 5-7.   Plaintiff alleges that the Department's collection efforts beginning in July 2001 violated his constitutional rights.   Doc. 1 at 3-5.   He also alleges the Department was negligent in failing to report the debt collection efforts to USF.   Doc. 1 at 6.   He alleges USF breached a contract with him, converted his property, violated intellectual property laws, and was negligent when it withheld his transcripts, rendering him unable to find more lucrative employment and resulting in loss of economic opportunity in the amount of $250,000.   Doc. 1 at 5-7.

On May 8, 2018 the Court denied Plaintiff's Application to Proceed in District Court without Prepaying Costs or Fees, construed as a Motion to Proceed *In Forma Pauperis*, and directed Plaintiff to pay the filing fee and amend his Complaint, based on the directions provided in the Order, by June 8, 2018.   Doc. 8.   Plaintiff did not pay the filing fee or file an amended complaint by that date, and on June 20, 2018, the Court entered an Order to Show Cause why Plaintiff failed to file an amended complaint, or, alternatively, to file his amended complaint on or before July 9, 2018.   Doc. 9.   Plaintiff did not respond to the Order to Show Cause.

## II.    Indigency

When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).   A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed *in forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*   A district court may not deny an *in forma pauperis* motion without first comparing the party's assets and liabilities to determine whether the party has satisfied the poverty requirement.   *Id.* at 1307-08. Here, Plaintiff is not employed and receives approximately $879 per month in Social Security benefits.   Doc. 2 at 1.   His monthly expenses total approximately $690. *Id.* at 2.   He owns a house with an estimated value of $135,000 and a vehicle with an estimated value of $1,250 and he has $1,350 in a checking or savings account.   *Id.* Based on the information provided, Plaintiff's monthly income narrowly exceeds his monthly expenses.   *Id.* at 1-2.   Thus, Plaintiff may meet the financial requirements to proceed *in forma pauperis*, however, the Court recommends the case be dismissed without prejudice for the reasons stated below regarding the sufficiency of the Complaint.

### III.    Sufficiency of the Complaint

Even if an application for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of Plaintiff's claims.   Under Section 1915 of Title 28 of the United States Code, the Court shall dismiss an action if it is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).   The Court has reviewed Plaintiff's Complaint (Doc. 1) to determine whether any of the three statutory factors for dismissal are presented.

A complaint is deemed frivolous if the Court finds that it lacks arguable basis in law or fact.   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   The Eleventh Circuit has held that a lawsuit is deemed frivolous when the plaintiff's "realistic chances of ultimate success are slight."   *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).   The Supreme Court has affirmed that "[t]he frivolousness standard, authorizing *sua sponte* dismissal of an *in forma pauperis* complaint 'only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief,' is a 'more lenient' standard than that of Rule 12(b)(6)."   *Neitze*, 490 U.S. at 322-23 (citation omitted).   A case may be frivolous even if it states a claim under Rule 12(b)(6), however, if there exists an affirmative defense that would defeat the action, like the expiration of the statute of limitations.   *Clark*, 915 F.2d at 640 n.2.   "When the defense is apparent from the face of the complaint or the

court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 640 n.2.

With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations and citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Rule 8(a) requires that a pleading set forth a claim of relief and contain a short and plain statement in which the pleader is entitled to relief. Fed. R. Civ. P. 8(a). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp.,* 550 U.S. at 561-63 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Although the Court holds pro se complaints to a less stringent standard than pleadings drafted by attorneys, *Ortiz v. Degrees*, No. 210-cv-278-FtM-29SPC, 2010 WL 2889773, at *1 (M.D. Fla. June 28, 2010), a pro se litigant is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Goldsmith v. City of Atmore,* 996 F.2d 1155, 1161 (11th Cir. 1993). "Where allegations are vague and ambiguous, leaving the reader to guess at precisely what the plaintiff was claiming, the judge should require the plaintiff to replead his claims." *McFarlin v. Douglas Cnty.*, 587 F. App'x 593, 595 (11th Cir. 2014) (citations omitted).

### a.   *Form of the Complaint*

Rule 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Claims or defenses should be presented "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Yeille v. Miami Dade Co. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016). The Eleventh Circuit has identified four types of shotgun pleadings: (1) pleadings where each count adopts the allegations of all preceding counts; (2) pleadings that contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) pleadings that do not

separate each cause of action or claim for relief into a different count; and (4) pleadings that assert multiple claims against multiple defendants without specifying which claim applies to which defendant.   *Id.*

The Court recommends Plaintiff's Complaint presents the third type of shotgun pleading because he appears to assert more than one claim, at times against more than one defendant, in the same count.   In Count I, Plaintiff asserts that the Department violated several constitutional rights and "a particular statute of limitations."   Doc. 1 ¶¶ 7-11.   Although Plaintiff alleges a claim for breach of contract against USF in Count II, he vaguely alleges the Department worked in concert with USF to prevent him from "the very performance that would be needed to repay the debt," which may or may not be a separate claim.   *See id.* ¶¶ 12-17. Plaintiff also appears to assert at least two claims against USF in Count III for conversion and "a violation of intellectual property laws."   *Id.* ¶¶ 18-19.   While the allegations in Count IV are clearer as to which claim relates to which Defendant, Plaintiff again improperly includes more than one claim in a single count.   *Id.* at 6-7.   Accordingly, the Court recommends the Complaint is a prohibited "shotgun pleading" that fails to adhere to the Federal Rules of Civil Procedure. *See Yeyille*, 643 F. App'x at 884.

> b.   *Violation of Plaintiff's Constitutional Rights*

The Court recommends Count I of Plaintiff's Complaint does not state a plausible claim.   Plaintiff alleges the Department's collections efforts on his student loan debt violated his Fourth Amendment right to be free from unreasonable seizures

and his Fifth Amendment right to due process.   Doc. 1 ¶¶ 7-8.   Although not referenced, he appears to be asserting a *Bivens* claim.   In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an implied cause of action for damages against federal officers to redress a constitutional violation.   *Bivens* claims are similar to those made under 42 U.S.C. § 1983 ("Section 1983"), and courts therefore generally apply Section 1983 law to the claims.   *Topping v. U.S. Dep't of Educ.*, 510 F. App'x 816, 818 (11th Cir. 2013). Section 1983 provides a person "with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions," but the statute "is merely a vehicle by which to bring these suits; it does not create any substantive federal rights."   *Williams v. Bd. of Regents*, 477 F.3d 1282, 1299 (11th Cir. 2007). To state a claim under Section 1983, a plaintiff must allege that a violation of a specific constitutional right or federal statutory provision was committed by a person acting under color of state law.   *Doe v. Sch. Bd. of Broward Cty., Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010).   Under *Bivens* and Section 1983, "a plaintiff may bring a cause of action against an officer acting in his or her individual capacity, but not against a federal or state government agency."   *Topping*, 510 F. App'x at 818.

A plaintiff can only recover damages in a *Bivens* action where: "(1) a plaintiff has no alternative means of obtaining redress and (2) no special factors that counsel hesitation are present."   *Id.* at 819.   Where a plaintiff has a right to judicial review under the Administrative Procedure Act, he is not entitled to money damages under *Bivens*.   *Id.*   Additionally, in Florida, the statute of limitations within which a

plaintiff must assert a *Bivens* claim is four years.   *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).[2]   This limitations period begins to run when the cause of action accrues, which does not occur until a plaintiff knows or should know "(1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury."   *Id.*

Here, the Court recommends Plaintiff's claim against the Department is implausible because it is a federal agency that cannot be sued under *Bivens*.   *See Topping*, 510 F. App'x at 819.   He also cannot maintain a claim for damages given his allegations that the Department collected on his student loan "by means of administrative wage garnishments and offset social security payments."   *See* Doc. 1 ¶ 7.   Such administrative proceedings would have provided him with an alternative means of redress.   *See Topping*, 510 F. App'x at 819.

It also appears that, absent allegations supporting tolling or a continuing violation,[3] any claim of a constitutional violation under *Bivens* would be frivolous as

[2] Actions brought under *Bivens*, like actions under Section 1983, which does not contain a statute of limitations, are subject to the state statute of limitations for personal injury actions.   *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996).   Where multiple statutes for personal injury actions exist, the general or residual personal injury statute of limitations applies to actions filed in federal court in that state.   *Owens v. Okure*, 488 U.S. 235, 236 (1989).   In Florida, this statute limits general personal injury claims to those brought within four years.   *Chappell,* 340 F.3d at 1283; Fla. Stat. § 95.11(3)(p).

[3] The continuing violation doctrine constitutes an exception to the statute of limitations bar.   "The critical distinction in the continuing violation analysis . . . is whether the plaintiffs complain of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does."   *Knight v. Columbus, Ga.,* 19 F.3d 579, 580-91 (11th Cir. 1994).   The doctrine of continuing violations, however, is limited in application to "situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred."   *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006).

barred by the statute of limitations.   Plaintiff alleges the Department began its collections efforts on his student loan debt, including wage garnishments and social security payment offsets, in July of 2001, almost seventeen years ago.   Doc. 1 ¶ 5. Plaintiff would have been aware of the alleged constitutional infringements and who inflicted them at least as of that date, far beyond the 4-year period preceding the filing of this case.   *See Chappell*, 340 F.3d at 1283.

Whether Plaintiff is attempting to assert any additional claims within Count I is unclear.   He appears to challenge the constitutionality of the Higher Education Technical Amendments of 1991 (HETA), 20 U.S.C. § 1091a(a), which eliminated a six-year statute of limitations for collecting on student loan debt.   Doc. 1 ¶¶ 8-10. Plaintiff alleges the HETA is an unconstitutional ex post facto law.   *Id.* ¶ 10.   The Court recommends that such a claim is not plausible.   The Ex Post Facto Clause only applies to criminal or penal proceedings.   *Collins v. Youngblood*, 497 U.S. 37, 41 (1990).   Thus, the Court recommends any claim seeking to challenge the HETA on that basis would be frivolous.

### c.   Breach of contract

To sufficiently allege a claim for breach of contract under Florida law, a plaintiff must allege "facts that support the existence of a contract, a material breach, and resulting damages."   *Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1332 (11th Cir. 2017) (quoting *Baron v. Osman*, 39 So. 3d 449, 451 (Fla. 5th DCA 2010)). Florida law requires a plaintiff to "point toward an express provision in the contract that creates the obligation allegedly breached."   *Brush v. Miami Beach Healthcare*

*Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367 (S.D. Fla. 2017).   Otherwise, when a plaintiff

fails to do so, "it is unclear what provision or obligation under the contract has been

violated," and a court must dismiss the claim.   *Id.* at 1366–67.

Plaintiff generally alleges that USF makes an agreement with every student

to provide a certificate or degree upon successful completion of the requirements of a

chosen field of study.   Doc. 1 at 5.   Plaintiff's conclusory allegation is insufficient to

establish that Plaintiff individually has a contract with USF.   Plaintiff also fails to

cite the provision of the alleged contract USF breached.   Although Plaintiff suggests

USF had no legal obligation to assist the Department with its collection efforts, he

does not allege that USF's placement of a hold on his transcripts breached a specific

provision or obligation of the contract.   Instead, he vaguely asserts that USF's

actions prevented him from furthering his education.   Doc. 1 ¶14.   Thus, the Court

recommends this is insufficient to state a claim for breach of contract under Florida

law.   *See Brush*, 238 F. Supp. 3d at 1366–67.

> ### d.   *Conversion*

"Under Florida law, the elements of conversion are '(1) an act of dominion

wrongfully asserted; (2) over another's property; and (3) inconsistent with his

ownership therein.'"   *Joe Hand Promotions, Inc. v. Creative Entm't, LLC*, 978 F.

Supp. 2d 1236, 1241 (M.D. Fla. 2013) (internal citations omitted).   It is unclear

whether Plaintiff asserts a claim against USF for conversion of a physical copy of his

transcripts, his diploma, the money he borrowed for tuition, or something else.   The

Court is unable to determine what facts, if any, from the background allegations

relate to this claim and the unspecified violation of "intellectual property laws."   *See* Doc. 1 at ¶¶18–19.   As a result, the Court recommends the Complaint lacks "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under" each alleged legal theory.   *Roe*, 253 F.3d at 683–84 (internal quotation and citation omitted).

### e.   *Negligence*[4]

A claim for negligence must allege (1) a duty, (2) breach of that duty, (3) causation, and (4) damages. *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012).   Plaintiff alleges the Department failed to notify USF of its collection efforts.   Doc. 1 ¶20.   Plaintiff fails to allege the Department owed him a duty to notify USF that it began garnishing his wages such that the failure would constitute a breach of that duty.   Nor does Plaintiff allege the Department's breach caused his damages.[5]   Similarly, Plaintiff alleges USF never attempted to verify whether the Department was receiving payments but fails to allege USF owed him the duty to do so.   Thus, the Court recommends Plaintiff's allegations are insufficient to state a claim for negligence.

---

[4] Count IV of the Complaint purports to assert a claim of contributory negligence against USF.   Doc. 1 at 6.   Contributory negligence is a defense to a claim of negligence rather than an independent claim based on the principle that a plaintiff should not recover for injuries avoidable with the exercise of reasonable care.   *West v. Caterpillar Tractor Co.*, 336 So. 2d 80, 90 (Fla. 1976).   The Court construes Plaintiff's claim for contributory negligence against USF as an additional claim for negligence.

[5] Plaintiff again alleges the Department's attempts to collect his student loan should be barred as untimely, this time "based upon the principle of *Laches*."   Doc. 1 ¶20.   If Plaintiff was attempting to assert a third claim within Count IV, Plaintiff was required to plead such a claim in a separate count in compliance with Rules 8 and 10 and articulate a legally sufficient basis for such a claim.   *See* Fed. R. Civ. P. 8, 10.

### f.  *Subject matter jurisdiction*

Plaintiff alleges that the Court has jurisdiction over this case because his Complaint alleges several constitutional claims and his claims against USF "have intertwined, overlapping claims."[6]   Doc. 1 at 2.   Plaintiff appears to be alleging the court has federal question jurisdiction over Count I of the Complaint and supplemental jurisdiction over the remaining counts. Federal question jurisdiction exists when actions arise under the Constitution, laws or treaties of the United States.   28 U.S.C. § 1331.

Here, the Court recommends the Complaint does not sufficiently allege the Court's federal question jurisdiction.   *See generally* Doc. 1.   "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."   *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).   "[T]he district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States."   *Bell v. Hood*, 327 U.S. 678, 681 (1946).   Plaintiff, as the party invoking the Court's jurisdiction, "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."   *McCormick v.*

---

[6] In his Civil Cover Sheet, Plaintiff indicates the basis for jurisdiction is the United States as a defendant.   Doc. 1 at 8.   Under 28 U.S.C. § 1346(a), district courts have original jurisdiction over civil actions for the recovery of taxes or "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation . . . , or upon any . . . contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort," with certain exceptions.   Even if Plaintiff's claims fell within those enumerated in § 1346(a)(2), they exceed $10,000.   The Court therefore would not have jurisdiction on this basis and accordingly construes Plaintiff's jurisdictional allegations within the Complaint as invoking the Court's federal question jurisdiction.

*Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).   Claims not subject to federal jurisdiction are dismissed.   *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) (declaring that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause").

The United States Supreme Court has stated that "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit." *Bell*, 327 U.S. at 681-82.   Those exceptions are that a lawsuit "may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 682-83.   These two exceptions apply when "the claim has no plausible foundation or if the court concludes that a prior Supreme Court decision clearly forecloses the claim."   *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1353 (11th Cir. 1998).

Here, the Court recommends Plaintiff's *Bivens* claims are implausible and frivolous.   As noted, the Complaint attempts to assert time-barred *Bivens* claims against a government agency.   *See* Doc. 1.   If the Complaint lacks a plausible foundation for Plaintiff's claims, the Court may not have subject matter jurisdiction to entertain these claims.   *See Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1353. Absent the Court's original jurisdiction over the *Bivens* claim, the Court lacks

jurisdiction to entertain Plaintiff's additional causes of action arising under Florida law.  *See* Doc. 1 at 5-7.   Only when the Court has original jurisdiction does it have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367.  Thus, the Court recommends Plaintiff failed to sufficiently demonstrate this Court's subject matter jurisdiction.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

This action be **DISMISSED without prejudice.**

**DONE** and **ENTERED** in Fort Myers, Florida on this 4th day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Plaintiff